UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDDIE S. FERRER and SHEILA M. FERRER,<br><br>Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK NA,<br><br>Defendant. | CASE NO. C13-0306JLR<br><br>ORDER DENYING MOTION TO AMEND |

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion to amend their complaint (Mot. (Dkt. # 36).) Having considered the submissions of the parties, the balance of the record, and the relevant law, the court DENIES leave to amend.

## II. BACKGROUND

This is a mortgage foreclosure case. Plaintiffs contend that Defendant JP Morgan Chase Bank NA ("Chase") wrongfully foreclosed on their "primary residence." (*See*

ORDER- 1

*generally* Compl. (Dkt. # 1).)  Plaintiffs' original complaint alleges, among other things, causes of action for breach of contract, breach of the duty of good faith and fair dealing, violation of the Deed of Trust Act, RCW 61.42.110, quiet title, and violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6).  (*See id.*)

This case has been pending for two years.  (*See generally* Dkt.)  Trial is scheduled for May, 2015.  (Sched. Ord. (Dkt. # 22).)  Plaintiffs now move to amend their complaint to (1) add a new defendant, Northwest Trustee Services, Inc. ("Northwest Trustee") and (2) add new claims for racial and national origin discrimination in violation of 42 U.S.C. § 1981, the Washington Law Against Discrimination, ch. 49.60 RCW *et seq.*, and the Fair Housing Act, 42 U.S.C. § 3605.  Northwest Trustee was originally named as a defendant in this suit, but Plaintiffs voluntarily dismissed it without prejudice in July 2013.  (*See* Not. (Dkt. # 14).)  Plaintiffs' motion to amend is now before the court.

### III.   ANALYSIS

**A.   Standard for Granting Leave to Amend**

Federal Rule of Civil Procedure 15 governs timely motions to amend.  Rule 15 provides that, after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court.  Fed. R. Civ. P. 15(a).  "The court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2).  But a district court need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  The party opposing amendment has

the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Federal Rule of Civil Procedure 16 governs untimely motions to amend.  Once a district court enters a pretrial scheduling order that establishes a timetable for amending pleadings, Rule 16's standards control.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Rule 16 provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Therefore, a party seeking to amend a pleading after the deadline for doing so has passed must show good cause.  *See Johnson*, 975 F.2d at 607-08.; *see also DZ Bank AG Deutsche Zentral-Genossenschaftbank, Frankfurt AM Main v. Choice Cash Advantage, LLC*, 918 F. Supp. 2d 1156, 1170 (W.D. Wash. 2013) (denying motion to amend after the scheduling order deadline for lack of good cause under Rule 16).

In determining whether there is good cause for modifying a scheduling order, the court "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*  However, "[i]f that party was not diligent, the inquiry should end." *Id.*; *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

//

//

ORDER- 3

B.     **Addition of a New Defendant**

The deadline for joining parties was October 1, 2014.  (*See* Sched. Ord.)  Therefore, Plaintiffs' November 19, 2014, motion to amend its complaint to add Northwest Trustee as a defendant is untimely, and must be judged according to the "good cause" standard of Rule 16.  *See Johnson*, 975 F.2d at 607-08.

Plaintiffs have failed to demonstrate good cause for adding Northwest Trustee.  They do not identify any newly discovered facts or change in the law that arose after the deadline to join parties.  (*See generally* Mot.)  Nor do they identify any ruling by this court since the deadline passed that has materially altered the fundamental issues or theories of the case.  *See Farnum v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).  In fact, the only new allegation concerning Northwest Trustee in Plaintiffs' proposed amended complaint is the allegation that Northwest Trustee inappropriately scheduled a trustee's sale of Plaintiffs' residence for October 18, 2013.  (*See* Prop. Am. Compl. ¶¶ 38-39 (Dkt. # 36-3).)  It is clear Plaintiffs were previously aware of this attempted sale, which occurred one year before the deadline to amend, because they allege that "as a result of [Northwest Trustee's] action," they "were forced to retain counsel to resist the nonjudicial foreclosure."  (*Id.* ¶ 39.)  Plaintiffs provide no reason why they could not reasonably have included Northwest Trustee in their complaint before the deadline.  *Johnson*, 975 F.2d at 609.  Absent a showing of diligence, the inquiry ends here.  *See In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 737.  Because Plaintiffs have not shown good cause, the court DENIES their motion to add Northwest Trustee as a defendant.

C.     **Addition of New Claims**

The court's scheduling order states:  "Amended Pleadings due by 11/19/2014." (Sched. Ord.)  Plaintiffs, however, waited until November 19, 2014, to file their motion to amend their complaint.  (*See* Mot.)  As such, their amended pleadings were not ripe for consideration until three weeks after the November 19, 2014, deadline.  *See* W.D. Wash. LCR 7(d).  Therefore, their motion to add new claims was also untimely.  Under the Rule 16 standard, Plaintiffs' motion to add new claims fails for the same reason that their motion to add a new party fails:  lack of diligence.  *See supra* § III.B.

But even if Plaintiffs' motion to add new claims was timely, it would fail under the Rule 15 standard.  First, Plaintiffs' motion produces an undue delay in litigation. Plaintiffs' insistence that its amendments merely "clarify" the existing claims rings false. (*See* Mot. at 2.)  Plaintiffs' original complaint contained claims primarily predicated on contract theories.  (*See generally* Compl.)  Plaintiffs' proposed amended complaint adds claims for discrimination on the basis of race and national origin.  (*See generally* Prop. Am. Compl.)  These new and distinct legal theories implicate different factual inquiries, and would therefore require additional discovery.  For example, Chase would be entitled to re-open Plaintiffs' depositions.  The discovery cut-off, however, looms less than two weeks away, with the dispositive motions deadline scheduled four weeks after that, and trial just two months later.  (*See* Sched. Ord.)  In order to permit Chase to adequately brief dispositive motions and prepare for trial, it would be necessary to postpone the discovery deadline and the trial date.

In evaluating whether a delay resulting from an amendment is "undue," the court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp.*, 465 F.3d at 953.  Here, Plaintiffs identify no newly discovered facts that they could not have raised in the original pleading. (*See* Mot.)  Plaintiffs' original motion is only three pages long and does not address the factors relevant to motions to amend. (*See* Mot.)  Plaintiffs also failed to file a reply. (*See generally* Dkt.)  Moreover, Plaintiffs' proposed amended complaint contains only conclusory allegations.  For example, Plaintiffs allege that: "Where Chase has routinely released liens of second mortgages in other cases for other borrowers who did not solicit or bargain for such act [sic], where these borrowers are not of the same origin as the Plaintiffs, the discriminatory treatment Plaintiffs received from Chase is clearly based on of [sic] racial animus." (Prop. Am. Compl. ¶ 84.)  Plaintiffs also allege that "Chase's refusal to re-convey the Deed of Trust recorded against the primary residence of the Asian, Filipino plaintiffs . . . constitutes discrimination." (*Id.* ¶ 88.)  These allegations shed no light on the basis for Plaintiffs' claims.

In short, Plaintiffs' have not provided any explanation—let alone a satisfactory explanation—as to why, twenty months into the litigation, they have so drastically changed their litigation theory. *See AmerisourceBergen Corp.*, 465 F.3d at 953.  The court concludes that the delay necessitated by Plaintiffs' proposed amendments is undue.

Second, the addition of new claims would prejudice Chase.  The nearest openings in the court's trial calendar are set for April 2016.  Consequently, amendment would delay the trial by 11 months.  But the trial date in this case was previously postponed for

10 months, in part to accommodate Plaintiffs' visit to their aging mother in the Philippines. (*See* 1/27/14 Min. Order (Dkt. # 21).) The court notes that, in the meantime, Plaintiffs have continued to reside on the foreclosed property. (*See* Prop. Am. Compl. ¶ 11.) The court will not speculate as to Plaintiffs' motives for waiting until the last minute to move to amend their complaint. Regardless, Chase is entitled to a timely resolution of the claims against it. If Plaintiffs' unsupported motion to amend is granted, Chase will be deprived of that right.

Because amending the complaint to add new claims would cause undue delay in the litigation and that delay would prejudice Chase, the court DENIES Plaintiffs' motion to add new claims.

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion to amend (Dkt. # 36).

Dated this 5th day of January, 2015.

_____
JAMES L. ROBART
United States District Judge

ORDER- 7